1    UNITED STATES DISTRICT COURT

2    NORTHERN DISTRICT OF CALIFORNIA

3

4    KENNY M. BROWN,                              Case No. 17-cv-01409-YGR (PR)

          Petitioner,
5                                                 **ORDER TO SHOW CAUSE**

6        v.

7    JOSIE GASTELO, Warden,

8           Respondent.

9        Petitioner, a state prisoner, has filed this habeas corpus action pursuant to 28 U.S.C.

10   § 2254. He has paid the $5.00 filing fee. Dkt. 15. On January 16, 2018, Magistrate Judge Joseph

11   C. Spero issued an Order directing the Clerk of the Court to reassign this case to a district judge

12   pursuant to *Williams v. King*, 875 F.3d 500, 502-05 (9th Cir. 2017) (magistrate judge lacks

13   jurisdiction over a case unless all named parties, including unserved ones, consent to magistrate

14   judge's jurisdiction). The case was then reassigned to the undersigned district judge, who has

15   reviewed the record. Petitioner's Eighth Amended Petition is the operative petition in this action.

16   Dkt. 35. It does not appear from the face of the Eighth Amended Petition that it is without merit.

17   Good cause appearing, the Court hereby issues the following orders:

18       1.    The Clerk of the Court shall serve a copy of this Order and the Eighth Amended

19   Petition and all attachments thereto (dkt. 35) upon Respondent and Respondent's attorney, the

20   Attorney General of the State of California. The Clerk shall also serve a copy of this Order on

21   Petitioner at his current address.

22       2.    Respondent shall file with this Court and serve upon Petitioner, within **sixty (60)**

23   **days** of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules

24   Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.

25   Respondent shall file with the Answer a copy of all portions of the relevant state records that have

26   been transcribed previously and that are relevant to a determination of the issues presented by the

27   petition.

28       3.    If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse

1   with the Court and serving it on Respondent within **sixty (60) days** of his receipt of the Answer.

2   Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision **sixty**

3   **(60) days** after the date Petitioner is served with Respondent's Answer.

4         4.     Respondent may file with this Court and serve upon Petitioner, within **sixty (60)**

5   **days** of the issuance of this Order, a motion to dismiss on procedural grounds in lieu of an

6   Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section

7   2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on

8   Respondent an opposition or statement of non-opposition to the motion within **sixty (60) days** of

9   receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply

10  within **fourteen (14) days** of receipt of any opposition.

11        5.     It is Petitioner's responsibility to prosecute this case. Petitioner must keep the

12  Court and Respondent informed of any change of address and must comply with the Court's

13  orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro*

14  *se* whose address changes while an action is pending must promptly file a notice of change of

15  address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss a *pro se* action

16  without prejudice when: (1) mail directed to the *pro se* party by the Court has been returned to the

17  Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written

18  communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b); *see also*

19  *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

20       Petitioner must also serve on Respondent's counsel all communications with the Court by

21  mailing a true copy of the document to Respondent's counsel.

22       6.     Upon showing of good cause, requests for a reasonable extension of time will be

23  granted provided they are filed on or before the deadline they seek to extend.

24       7.     Josie Gastelo, the current warden of the prison where Petitioner is incarcerated, has

25  been substituted as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

26      IT IS SO ORDERED.

27  Dated: March 30, 2018

                                   YVONNE GONZÁLEZ ROGERS
                                   United States District Court Judge

28