UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNY M. BROWN,<br><br>Petitioner,<br><br>v.<br><br>JOSIE GASTELO, Warden,<br><br>Respondent. | Case No. 17-cv-01409-YGR (PR)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION AS UNTIMELY; AND DENYING CERTIFICATE OF APPEALABILITY** |

## I.   INTRODUCTION

Petitioner Kenny M. Brown, a state prisoner currently incarcerated at the California Men's Colony, filed the instant *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 16, 2018, Magistrate Judge Joseph C. Spero issued an Order directing the Clerk of the Court to reassign this case to a district judge pursuant to *Williams v. King*, 875 F.3d 500, 502-05 (9th Cir. 2017) (magistrate judge lacks jurisdiction over a case unless all named parties, including unserved ones, consent to magistrate judge's jurisdiction). Dkt. 36. The case was then reassigned to the undersigned district judge. Dkt. 37. The operative petition in this matter is the Ninth Amended Petition. Dkt. 66.

Before the Court is Respondent's motion to dismiss the claims in the petition as untimely under the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d). Dkt. 72 at 4-5. In the alternative, Respondent argues the petition should be dismissed on the grounds that it is procedurally defaulted and fails to state a cognizable claim upon which federal habeas relief may be granted. *Id.* at 5-7.

Having read and considered the papers submitted and being fully informed, the Court GRANTS Respondent's motion to dismiss.

## II.   BACKGROUND

On January 26, 2004, in Alameda County Superior Court Case No. 144451, Petitioner entered a plea of no contest to attempted murder, and he also admitted a prior serious felony

conviction, a prison prior, and a gun enhancement, in exchange for a sentence of twenty-four years in state prison. Dkt. 66 at 1-2.[1]

On March 8, 2017,[2] Petitioner initiated the instant federal action. Dkt. 1. On May 2, 2017, this action was dismissed because Petitioner had not perfected his application to proceed *in forma pauperis* or paid the filing fee. Dkt. 10. Thereafter, Petitioner paid the filing fee and filed an amended petition. Dkts. 12, 15. Therefore, on May 22, 2017, the Court reopened this action and vacated the order of dismissal. Dkt. 16. Then Petitioner filed several amended petitions (dkts. 19, 21, 25, 27, 28, 33, 35) after the Court issued dismissals with leave to amend on multiple occasions (dkts. 16, 20, 31).[3] The Court notes that the Eighth Amended Petition contained four claims challenging the lawfulness of Petitioner's 1993 conviction that was used to enhance his 2004 sentence. Dkt. 35 at 4-5. On March 30, 2018, the Court found that it did not appear from the face of the Eighth Amended Petition that it was without merit and ordered Respondent to file an answer showing cause why the Eighth Amended Petition should not be granted or, in the alternative, a motion to dismiss on procedural grounds. Dkt. 39. Respondent filed a motion to dismiss the Eighth Amended Petition (dkt. 47), but as further explained below, the Court denied that motion without reaching the merits (dkt. 65).

According to the Eighth Amended Petition,[4] Petitioner did not begin seeking state

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by the parties.

[2] According to the mailbox rule, a *pro se* federal habeas petition is deemed filed on the date it is delivered to prison authorities for mailing. *See Saffold v. Newland*, 250 F.3d 1262, 1268 (9th Cir. 2001), *vacated and remanded on other grounds*, *Carey v. Saffold*, 536 U.S. 214 (2002) (holding that a federal or state habeas petition is deemed filed on the date the prisoner submits it to prison authorities for filing, rather than on the date it is received by the court). The Court assumes that Petitioner delivered his first federal petition to prison officials on the same date the petition was signed, which was March 8, 2017. *See Koch v. Ricketts*, 68 F.3d 1191, 1193 (9th Cir. 1995) (petitioner assumes risk of proving date of mailing). Therefore, the Court deems the petition filed as of March 8, 2017.

[3] This action was dismissed again on July 25, 2017, but the order of dismissal (dkt. 23) and judgment (dkt. 24) were later vacated (dkt. 31).

[4] The Court turns to Petitioner's Eighth Amended Petition because his Ninth Amended Petition (dated October 10, 2018) references only two "pending" state habeas proceedings—his third and fourth state habeas petitions before the California Supreme Court (S249500 and

2

1  collateral relief with respect to his 2004 judgment until 2017, when he filed a habeas petition in

2  the Alameda County Superior Court on an unspecified date. Dkt. 35 at 2-3. Petitioner indicates

3  that in May 2017, the state superior court denied his state habeas petition. *Id.* at 3.

4  On June 5, 2017, Petitioner filed a habeas petition in the California Court of Appeal

5  (A151451). Resp't Ex. 1; Dkt. 35 at 3. On July 19, 2017, the state appellate court denied the state

6  habeas petition, finding it procedurally barred because Petitioner received the benefit of his plea-

7  bargained sentence, citing *People v. Hester*, 22 Cal. 4th 290, 295 (2000), and because it was

8  untimely, citing *In re Robbins*, 18 Cal. 4th 770, 780 (1998). *See* Resp't Ex. 1. The state appellate

9  court additionally found that Petitioner had failed to plead his claims with sufficient particularity

10 and to include copies of reasonably available documentary evidence, citing *People v. Duvall*, 9

11 Cal. 4th 464, 474 (1995) and *Ex Parte Swain*, 34 Cal. 2d 300, 303-04 (1949). *See id.*

12 On August 10, 2017, Petitioner filed his first habeas petition in the California Supreme

13 Court (S243711), challenging the use of an "illegal" 1993 prior conviction to enhance his 2004

14 sentence. *See* Resp't Exs. 2, 3; Dkt. 35 at 3. On October 11, 2017, the state supreme court denied

15 the petition, finding it procedurally barred as untimely, citing *In re Robbins*, and alternatively

16 finding that Petitioner had not included copies of reasonably available documentary evidence to

17 support his claims, citing *Duvall*. Resp't Ex. 2.

18 On December 14, 2017, Petitioner filed a second habeas petition in the California Supreme

19 Court (S246018), challenging the calculation of his prison custody credits, which was denied on

20 February 28, 2018. Resp't Exs. 4, 5. On May 21, 2018, Petitioner filed a second habeas petition

21 in the California Court of Appeal (A154319), seeking relief under Proposition 57, which provided

22 procedures for defendants entitled to a youthful offender parole hearing to return to superior court

23 to make a record relevant to such hearing. Resp't Exs. 6, 7. On May 31, 2018, the state appellate

24 court denied the petition on procedural grounds. Resp't Ex. 6.

25 On April 3, 2018, Petitioner initiated a second federal habeas action, *Brown v. Gastelo*,

26 Case No. C 18-2110 YGR (PR), challenging his 2004 judgment in the Central District of

27

28 S251179), which are mentioned below. Dkt. 66 at 3-4.

1 California, which was transferred to this Court. *See* Dkts. 1, 5, 8 in Case No. C 18-2110 YGR (PR).

On June 15, 2018, Petitioner filed a third habeas petition in the California Supreme Court (S249500), again challenging the use of his 1993 prior to enhance his 2004 sentence. Resp't Exs. 8, 9. On October 24, 2018, the state supreme court denied the petition. Resp't Ex. 8.

On July 13, 2018, Petitioner filed a third habeas petition in the California Court of Appeal (A154799), challenging the use of his 1993 prior to enhance his 2004 sentence. Resp't Exs. 10, 11. On August 16, 2018, the state appellate court denied the petition, finding it successive (citing *In re Reno*, 55 Cal. 4th 428, 452-53, 455 (2012)), conclusory (citing *Swain*), and lacking an adequate record (citing *Duvall*). Resp't Ex. 10.

On September 4, 2018, Petitioner filed a fourth habeas petition in the California Supreme Court (S251179), once again challenging the use of his 1993 prior to enhance his 2004 sentence. Resp't Exs. 12, 13. The California Supreme Court's official website shows that the California Supreme Court denied the petition on May 15, 2019. *See Brown (Kenny) On H.C.*, Cal. S. Ct. No. S251179.

On October 4, 2018, the Court denied the motion to dismiss this action without prejudice, and ordered Petitioner to file a single petition in this action containing all of the claims he wished to bring with respect to his 2004 judgment. Dkt. 65 at 2-3. The Court then dismissed the second federal habeas case. *Id.* at 3.

On October 15, 2018, Petitioner filed a Ninth Amended Petition in this case, challenging the use of his 1993 prior to enhance his 2004 sentence. Dkt. 66. On January 23, 2019, the Court issued an Order to Show Cause, directing Respondent to file either an answer or a motion to dismiss. Dkt. 70.

On March 28, 2019, Petitioner filed an opposition to the motion. Dkt. 73. On April 10, 2019, Respondent filed a reply. Dkt. 74. On April 22, 2019, Petitioner filed an unsolicited sur-reply. Dkt. 75.

//

//

### III. DISCUSSION

#### A. Overview

AEDPA, effective April 24, 1996, imposes a limitations period on petitions for a writ of habeas corpus filed by state prisoners. In prisoner actions challenging non-capital state convictions or sentences, a habeas petition must be filed within one year of, inter alia, the date the judgment became final after the conclusion of direct review or the time passed for seeking direct review. 28 U.S.C. § 2244(d)(1).

A state prisoner with a conviction finalized after April 24, 1996, such as Petitioner, ordinarily must file a federal habeas petition within one year of the date his or her process of direct review came to an end. *See Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1286 (9th Cir. 1997), *overruled in part on other grounds by Calderon v. United States District Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998) (en banc). The one-year period is calculated according to the general rule for counting time in federal courts, Rule 6(a) of the Federal Rules of Civil Procedure. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). That is, "the day of the act, event, or default from which the designated period of time begins to run shall not be included" in the one-year limitations period. *Id.* This is referred to as the "anniversary method" because, absent any tolling, the expiration date of the limitations period will be the same date as the triggering event in the following year. *Id.*

The one-year period may start running from "the expiration of the time for seeking [direct] review." 28 U.S.C. § 2244(d)(1)(A). If a petitioner could have sought review by the state court of appeals or the state supreme court, but did not, the limitation period will begin running against him the day after the date on which the time to seek such review expired. *See Smith v. Duncan*, 297 F.3d 809, 812-13 (9th Cir. 2002) *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also* Cal. Rule of Court 8.308(a) (providing that appeal from criminal judgment must be filed within sixty days after rendition of judgment or making of order being appealed) (formerly Cal. Rule of Court 30.1).

In the present case, the statute of limitations started running on March 26, 2004, when his sentence became final, sixty days after the date of sentencing (January 26, 2004). *See* 28 U.S.C

§ 2244(d)(1)(A); Cal. R. Ct. 8.308(a). Thus, Petitioner had until March 26, 2005 to file his federal habeas petition. Because he did not file the present petition until March 8, 2017—almost twelve years after the limitations period had expired—the petition is untimely unless he can show that he is entitled to statutory or equitable tolling or a delayed commencement of the limitations period.

### B. Statutory Tolling

The one-year statute of limitations is tolled under section 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). Tolling applies to one full round of collateral review. *Carey v. Saffold*, 536 U.S. 214, 223 (2002).

Here, the record shows that Petitioner started seeking collateral review in state courts when he filed his first state superior court habeas petition in 2017. *See* Dkt. 35 at 2-3. However, as mentioned above, the one-year limitations period expired on March 26, 2005. A state habeas petition filed after the AEDPA's statute of limitations ended cannot toll the limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed). Section 2244(d)(2) cannot "revive" the limitations period once it has run (i.e., restart the clock to zero); it can serve only to pause a clock that has not yet fully run. Once the limitations period expires, "collateral petitions can no longer serve to avoid a statute of limitations." *Rashid v. Kuhlmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998).

Accordingly, Petitioner's state habeas petitions filed in 2017 and 2018 do not revive the limitations period that already has run. Because Petitioner did not meet the one-year requirement for filing the instant federal habeas petition and he is not entitled to statutory tolling, his petition is barred as untimely under 28 U.S.C. § 2244(d)(1) unless he can show that he is entitled to a delayed commencement of the limitations period.

### C. Delayed Commencement of the Limitations Period

As mentioned above, a petitioner may attempt to justify the late filing of his habeas petition by demonstrating his eligibility for a delayed commencement of the limitations period under either subheadings (B), (C), or (D) of section 2244(d)(1). Here, Petitioner does not present

6

any evidence or argument suggesting there existed unconstitutional state action that created an impediment to his filing the petition. *See* 28 U.S.C. § 2244(d)(1)(B). However, Petitioner seems to argue that he is entitled to a delayed commencement of the limitations period under either subheading (C) or subheading (D) of section 2244(d)(1), as explained below.

In his opposition, Petitioner appears to assert that his criminal judgment did not become final until "Dec[.] 2016," based on a United States Supreme Court decision. Dkt. 73 at 1. Thus, it seems that Petitioner is alleging he is entitled to a delayed commencement of the limitations period under subheading (C), which applies where "the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). In interpreting 28 U.S.C. § 2255(f)(3), an analogous provision for federal prisoners seeking to file under 28 U.S.C. § 2255, the Supreme Court has held that the one-year limitation period begins to run on the date on which the Supreme Court recognized the new right being asserted, not the date on which that right was made retroactive. *See Dodd v. United States*, 545 U.S. 353, 357 (2005). But while Petitioner cites to a December 2016 case where the Supreme Court recognized a new rule that he seems to argue triggers a delayed commencement of the limitations period, he does not cite the name of that specific case anywhere in his opposition. *See* Dkt. 73. Rather, he cites only an unrelated California Supreme Court case, *People v. Collins*, in support of his assertion. *Id.* at 1 (citing *People v. Collins*, 21 Cal. 3d 208 (1978) (holding repeal of criminal statute requires dismissal of pending criminal proceedings charging such conduct). Petitioner does not explain how this 1978 California Supreme Court case would affect the finality of his 2004 judgment. And he fails to show how or why this case would delay the finality of such judgment until December 2016. The only United States Supreme Court case from 2016 that Petitioner cited in his Ninth Amended Petition was *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), which was decided in January 2016. *See* Dkt. 66 at 7. In that case, the Supreme Court held that state collateral review courts are required to give retroactive effect to new substantive rules of federal constitutional law under *Teague v. Lane*, 489 U.S. 288 (1989), and that its decision in *Miller v. Alabama*, 567 U.S. 460 (2012)—prohibiting mandatory life sentences without parole for juvenile offenders—

7

1 announced a new substantive constitutional rule that was retroactive on state collateral review. *Montgomery*, 136 S. Ct. at 729, 736. Here, however, Petitioner was not a juvenile, and he did not receive a life sentence in his 2004 case. Furthermore, Petitioner has not raised any other new substantive rule of constitutional law announced by the United States Supreme Court that required retroactive application to *his* case on state collateral review. To the extent he is asserting the state courts were required to apply some unspecified change in state law retroactively to his case on state collateral review, such assertion does not satisfy his burden of showing that he is entitled to a different start date of the statute of limitations under 28 U.S.C. § 2244(d)(1)(C). Thus, this Court finds that *Montgomery* has no application to Petitioner's case and his conviction. Said differently, *Montgomery* created no new due process right applicable to Petitioner.

Moreover, to the extent that Petitioner argues for a delayed commencement of the limitations period under subheading (D) of section 2244(d)—that he could not have discovered the factual basis for his claims despite due diligence until December 2016—he provides no factual allegations supporting such assertion. *See* Dkt. 73 at 1. The discovery of the factual predicate is not the same as a petitioner's recognition of the legal significance of facts. *See Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001); *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000). The factual predicate refers to historical facts, not a petitioner's discovery of a state court's legal ruling. *See Johnson v. United States*, 340 F.3d 1219, 1223-24 (11th Cir. 2003). Moreover, a court's change or clarification of the law does not amount to a factual predicate, otherwise "the term 'factual' would be meaningless." *Shannon v. Newland*, 410 F.3d 1083, 1088 (9th Cir. 2005). Thus, if the point of Petitioner's argument is that he is entitled to a delayed commencement of the statute of limitations under 28 U.S.C. § 2244(d)(1)(D), then the Court finds that he has also failed to meet his burden in this regard.

Therefore, Petitioner is not entitled to a delayed commencement of the limitations period under either subheading (C) or subheading (D) of section 2244(d)(1), and the limitations period did not begin to run in 2016, but rather on the date when the judgment of conviction became final on March 26, 2004. Therefore, because Petitioner did not file the present petition until March 8, 2017—almost twelve years after the limitations period expired on March 26, 2005—the petition is

8

1 untimely unless he can show he is entitled to equitable tolling.

**D. Equitable Tolling**

The Supreme Court has determined that AEDPA's statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling, however, is unavailable in most cases, because extensions of time should be granted only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Beeler*, 128 F.3d at 1288 (citation and internal quotation marks omitted). The prisoner must show that "the 'extraordinary circumstances' were the cause of his untimeliness." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted). The petitioner bears the burden of showing he is entitled to equitable tolling, and the determination of whether such tolling applies is a fact-specific inquiry. *Id.* Thus, petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him, *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002), and that "the extraordinary circumstances were the cause of his untimeliness . . . and that the extraordinary circumstances made it impossible to file a petition on time," *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (internal quotation marks, brackets, and citations omitted).

Here, Petitioner has not alleged that he is entitled to equitable tolling. Thus, nothing currently in the record suggests the possibility of equitable tolling. Even in his petition, Petitioner alleges no facts from which the Court could infer that his failure to raise his claims prior to the expiration of the limitations period was because of circumstances that were beyond his control and that made it impossible to file a timely federal petition. It was Petitioner's delay in pursuing his state court remedies, rather than extraordinary circumstances, that led him to exceed the limitations period. *See Miranda*, 292 F.3d at 1065.

To the extent that Petitioner argues that the late filing should be excused under the actual innocence exception of *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), this argument fails. *See* Dkt. 73 at 3. The Supreme Court held in *McQuiggin v. Perkins* that actual innocence, if proved,

9

may serve as an equitable exception to the AEDPA statute of limitations. *Accord Lee v. Lampert*, 653 F.3d 929, 931 (9th Cir. 2011) (en banc) (holding that "a credible showing of 'actual innocence' under *Schlup v. Delo*, 513 U.S. 298 (1995), excuses the statute of limitations period established by [AEDPA]."). Under this "equitable exception," a petitioner "may pass through the *Schlup* gateway and have [the] otherwise time-barred claims heard on the merits." *Id.* at 932.

In order to pass through the *Schlup* gateway, a petitioner must produce sufficient proof of his or her actual innocence to bring him or her within the narrow class of cases implicating "'a fundamental miscarriage of justice.'" *Schlup*, 513 U.S. at 314-15 (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)). "[The] evidence of innocence [must be] so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 316. A "petitioner must show that it is more likely than not that no reasonable juror would have convicted him [or her] in the light of the new evidence." *Id.* at 327. This exacting standard permits review only in the "extraordinary case," but it "does not require absolute certainty about the petitioner's guilt or innocence." *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting *Schlup*, 513 U.S. at 327).

A petitioner must support his or her claims "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. "By enumerating [these] categories of evidence that could prove innocence, the Supreme Court made clear that less reliable kinds of evidence cannot support an actual innocence claim." *Lee*, 653 F.3d at 945-46 (Kozinski, J. concurring). A reviewing habeas court then "consider[s] all the evidence, old and new, incriminating and exculpatory" admissible at trial or not. *House*, 547 U.S. at 538 (internal quotation marks removed). On this complete record, the court makes a "'probabilistic determination about what reasonable, properly instructed jurors would do." *Id.* (quoting *Schlup*, 513 U.S. at 329). The court is to "assess how reasonable jurors would react to the overall, newly supplemented record." *Id.* In sum, a petitioner must show that it is more likely than not that "no reasonable juror would have convicted him [or her]." *Schlup*, 513 U.S. at 327 (brackets added). Put another way, a petitioner must "persuade [a reviewing court] that every juror would have

10

voted to acquit him [or her]." *Lee*, 653 F.3d at 946 (citing *Schlup*, 513 U.S. at 327) (Kozinski, J. concurring) (brackets added). A gateway showing of actual innocence may be established despite the fact that the petitioner, as is the case here, entered a guilty or no contest plea. *See Bousley v. United States*, 523 U.S. 614, 624 (1998); *see also Smith v. Baldwin*, 510 F.3d 1127, 1140 (9th Cir. 2007).

In response to such a claim of actual innocence, Respondent points out that Petitioner only references "factual innocence" in his opposition. *See* Dkt. 74 at 3 (citing Dkt. 73 at 3). Respondent claims that "Petitioner cites no new reliable evidence in support of his conclusory assertion of 'factual innocence,' and has made no showing that his purported factual innocence extends to charges that were dropped as a result of his plea bargain." *Id.* Respondent further argues as follows:

> Rather, it is apparent from the context of his argument that all he means by "factual innocence" is that he does not believe his sentence is supported by state law. However, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 624; *see Morales v. [Ornoski]*, 439 F.3d 529, 533 (9th Cir. 2006). Accordingly, [P]etitioner has failed to satisfy his burden of showing he qualifies for this rare equitable exception to AEDPA's statute of limitations.

*Id.* This Court agrees with Respondent that Petitioner presents no evidence of actual innocence. *See* Dkt. 16 at 4. Thus, the Court finds that Petitioner is not entitled to the equitable exception to the AEDPA statute of limitations under *Schlup*, 513 U.S. at 327.

In sum, the Court has determined above that neither statutory nor equitable tolling saves the petition from being untimely. Nor is Petitioner entitled to a delayed commencement of the limitations period under either subheading (C) or subheading (D) of section 2244(d)(1), or a review of his claims under the actual innocence exception. Therefore, Petitioner's federal habeas petition is untimely. Accordingly, Respondent's motion to dismiss is GRANTED, and the petition is DISMISSED because it was not timely filed under 28 U.S.C. § 2244(d)(1).[5]

---

[5] The Court's dismissal of the instant petition as untimely obviates the need to address Respondent's alternative arguments that the petition is procedurally defaulted or fails to state a claim upon which federal habeas relief may be granted.

11

## IV. CERTIFICATE OF APPEALABILITY

The federal rules governing habeas cases brought by state prisoners have been amended to require a district court that dismisses or denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (effective December 1, 2009).

For the reasons stated above, Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a COA is DENIED.

## V. CONCLUSION

For the reasons outlined above, the Court orders as follows:

1. Respondent's motion to dismiss the petition for a writ of habeas corpus as untimely is GRANTED, and this action is DISMISSED with prejudice. Dkt. 72.

2. A COA is DENIED. Petitioner may seek a COA from the Ninth Circuit Court of Appeals.

3. The Clerk of the Court shall terminate all pending motions and close the file.

4. This Order terminates Docket No. 72.

IT IS SO ORDERED.

Dated: December 9, 2019

_____
YVONNE GONZALEZ ROGERS
United States District Judge